Dear Ms. Lynch:
You advise this office that you have recently been elected councilwoman for the Caddo Parish Commission. You ask if you may retain your current appointment to the Shreve Memorial Library Board while serving in this elected position.
The Shreve Memorial Library Board governs the library, which library was created by the governing authority of Caddo Parish pursuant to R.S.25:211, providing:
§ 211. Establishment by parishes or municipalities
 The governing authority of any parish or municipal corporation, the City of New Orleans and Parish of Orleans excepted, may of its own initiative create, establish, equip, maintain, operate and support a public library in such parish or municipality and shall create, establish, equip, maintain, operate and support such a public library when not less than twenty-five per cent of the duly qualified property taxpayers resident in such parish or municipality shall petition the governing authority thereof to establish such a public library for such parish or municipality. Provided that two or more parishes may join in the establishment of a public library to be supported and maintained by them jointly in the proportions as may be determined by the police juries of the respective parishes or other governing authority; and provided that a parish and one or more municipal corporations may jointly establish, maintain and operate a public library; and provided also one parish or municipality may contract with another parish or municipality to furnish library service upon such terms and conditions and for such considerations as the governing authorities concerned may stipulate and agree by written contract pursuant to ordinances duly passed by them.
R.S. 25:214 (B) outlines procedures for appointment by the parish of not less than five nor more than seven citizens of the parish as members of the library board, with the president of the parish governing body as an ex officio member.
In Attorney General Opinion 83-766, this office concluded that a parish library board of control is an agency of the parish whose powers are limited solely to adoption of rules and regulations for the conduct of board meetings, establishment of library hours, circulation and lending policies, acquisition of new books, fines for overdue books, educational programs, and such other internal matters usually associated with the operation of a library, and which can best be handled by the board "as an instrument of and on behalf of the police jury." In that opinion, the author also stated that the board is not "a special district" or a "creature of the legislature" but an agency of the parish, and that the governing authority of a parish had general power over the library board of control. See also Attorney General Opinion 92-0335.
Because the library board is a creature of the parish, the exception contained in R.S. 42:64 (A)(1) of the Dual Officeholding and Dual Employment Law is applicable and states:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the Incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its functions the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
Finally, we enclose to you a copy of Attorney General Opinion 93-710. In that opinion, we concluded an individual could hold appointive office as member of the Bossier Parish Library Board of Control and local elective office as council member of the Bossier Parish Council. That reasoning is applicable in your situation.
We conclude you may hold both positions concurrently, because of the exception of R.S. 42:64 (A)(1) quoted above.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 93-710
March 2, 1994
LSA-R.S. 42:62 (4); LSA-R.S. 42:64 (5); LSA-R.S. 42:62 (9).
71 MUNICIPALITIES
77 OFFICERS
It is permissible for an individual to hold simultaneously hold local appointive office, as member of the Bossier Pariah Library Board of Control, and local elective office, as council member of the Bossier Parish City Council.
Mr. Louis Covington Library Director Bossier Parish Central Library 2206 Beckett Street Bossier City, LA 71111
Dear Mr. Covington:
This office is in receipt of your opinion request, wherein you make the following inquiry:
 Does the law prohibit an individual from holding local elective office while holding local appointive office in a separate political subdivision?
Pursuant to your correspondence, the positions in question are council member of the Bossier City Council, which is a local elective office, and member of the Bossier Parish Library Board of Control, which is a local appointive office under the auspices of the Bossier Parish Police Jury.
The provisions of the Dual Officeholding and Dual Employment laws of this state, LSA-R.S. 42:61, et seq. are controlling in this instance. Your attention is directed to LSA-R.S. 42:63 (D), which provides in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . LSA-R.S. 42:63 (D).
The law prohibits an individual from simultaneously holding local elective office and full-time appointive office within the same or separate political subdivisions. The law permits an individual to hold local elective office and part-time appointive office in the same or separate political subdivisions.
Presumably, the position with the parish library board is part-time, as defined by statute. "Part-time" means less than the number of hours of work defined as full-time. LSA-R.S. 42:62 (5). "Full-time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S. 42:62 (4). Finally, "political subdivision" is defined as:
 . . . a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . . LSA-R.S. 42:62 (9).
To conclude, it is permissible under law to hold the positions in question, with the above expressed limitation. Should you have other inquiries in which we may be of assistance, please contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/93-710
OPINION NUMBER 92-335
RELEASED AUGUST 14, 1992
78 — OFFICERS 90 — POLICE JURIES — Powers Functions R.S. 25:211 et seq
The police jury may appoint its secretary treasurer to the library board of control.
Mr. Byron Temple Tensas Parish Library P.O. Box 228 St. Joseph, LA 71366
Dear Mr. Temple:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointments to the parish library board. You ask if it is legal and ethical for the parish police jury to appoint its secretary-treasurer to the parish library board, pointing out that the police jury president serves as an ex-officio member. You express concern that this may give the police jury too much control over the library board of control.
R.S. 25:211 gives the police jury power to create by ordinance a public library, and under R.S. 25:214 provides in the ordinance creating a public library, the police jury shall name and appoint not less than five nor more than seven citizens of the parish as a board of control for such public library, with the president of the police jury as ex-officio member.
The duties and power of the board consist of "authority to establish rules and regulations for its own government and that of the library not inconsistent with law; to elect and employ a librarian, and upon the recommendation and approval of the latter, to employ assistant librarians and other employees and fix their salaries and compensation".
This office observed in Atty. Gen. Op. No. 83-766 that a parish library board of control is an agency of the parish whose powers are limited solely to adoption of rules and regulations for the conduct of board meetings, establishment of library hours, circulation and lending policies, acquisition of new books, fines for overdue books, educational programs, and such other internal matters usually associated with the operation of a library, and which can best be handled by the board "as an instrument of and on behalf of the police jury." It was specifically stated that the board is not "a special district" or a "creature of the legislature" but an agency of the parish, and that the governing authority of a parish had general power over the library board of control.
Finding no prohibition under the dual officeholding statute, R.S.42:63(E), since the membership on the library board of control is unpaid part-time appointment, it must be concluded that it is unquestionably legal for a parish police jury to appoint its secretary-treasurer, a full time employee, to the parish library board of control.
This office will not render an opinion on any ethical considerations, but would refer you to the Ethics Commission for such a determination.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0038f